JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Thomas E. Perez, *Secretary of Labor, United States Department of Labor*,<br><br>                    Plaintiff,<br><br>      v.<br><br>Richard Huot, *an individual, also known as* Heng Richard Huot *and as* Heng Huot, *and doing business as* China Wok Express *and doing business as* Golden Wok Fried Chicken,<br><br>                    Defendant. | CV 13-07487 RSWL (RZx)<br><br>**JUDGMENT** |

    The evidence having been fully considered, the issues having been duly heard, and a decision having been duly rendered,

    **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that

1

judgment be entered in favor of Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Plaintiff") and against Defendant Richard Huot ("Defendant").

It is **ORDERED** that Defendant is permanently enjoined and restrained from violating the provisions of Sections 15(a)(1), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 215(a)(1), 215(a)(2), and 215(a)(5) in any of the following manners:

(1) Defendant shall not, contrary to Section 6 of the FLSA, 29 U.S.C. § 206, pay any employee who in any workweek is engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. § 203(s), wages at a rate less than $7.25 an hour (or at a rate less than such other applicable minimum rate as may hereafter become effective pursuant to any amendment to the FLSA).

(2) Defendant shall not, contrary to Section 7 of the FLSA, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce or the production of goods for commerce, within the meaning of the FLSA, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of Section 3(s) of the FLSA, 29 U.S.C. §

203(s), for a workweek longer than 40 hours unless the employee is paid for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one half the employee's regular rate at which he or she is employed.

    (3) Defendant shall not fail to make, keep, make available to authorized agents of Plaintiff for inspection, transcription, and/or copying, upon their demand for such access, and shall not fail to preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in 29 C.F.R. § 516.

    (4) Defendant shall make available (to authorized agents of Plaintiff for inspection, transcription, and/or copying upon their demand for such access) and shall not fail to preserve for a period of two years employment, order, shipping, and billing records as prescribed by regulations issued, and from time to time amended, pursuant to FLSA § 11, 29 U.S.C. § 211, and found in 29 C.F.R. § 516.6(b).

    It is **ORDERED** that Defendant shall not continue to withhold $172,264.50 in unpaid minimum wage and overtime compensation found due under the FLSA to employees of Defendant for the period of time from June 19, 2009 to June 16, 2013, as set forth in the exhibit

that is attached hereto, marked Exhibit 1, and made a part hereof, showing the names of each employee and listing on the same line thereof the period of such employment covered therein for the employee and the gross back wage amount due to the employee.

It is **ORDERED** that Plaintiff shall have and recover from Defendant the additional amount of $172,264.50 as liquidated damages hereby found due under the FLSA.

It is **ORDERED** that Plaintiff shall allocate and distribute the unpaid wages to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in his sole discretion.  The Secretary shall be responsible for deducting from the amounts paid to said persons the employees' share of Federal Insurance Contributions Act ("FICA") and federal income taxes, and for remitting said deductions to the appropriate federal agencies.  Any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within three years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

It is **ORDERED** that pursuant to the immediately preceding three paragraphs, Defendant shall not fail to deliver a certified or cashier's check or money order,

1 made payable to Wage and Hour, Div. of Labor, in the
2 total amount of $344,529.00, in payment of the
3 aforesaid unpaid minimum wage and overtime compensation
4 ($172,264.50) and liquidated damages ($172,264.50) to
5 Plaintiff's authorized representatives at:
6     U.S. Department of Labor
7     Wage and Hour Division
8     West Covina District Office
9     100 North Barranca Avenue, Suite 850
10     West Covina, CA 91791

    It is **ORDERED** that the filing, pursuit, and/or resolution of this proceeding with entry of this Default Judgment shall not act as or be asserted as a bar to any action under FLSA § 16, 29 U.S.C. § 216, as to any employee not named in Exhibit 1.

    It is **ORDERED** that this Court shall retain jurisdiction of this Action for the purposes of enforcing this Default Judgment.

**IT IS SO ORDERED.**

DATED: April 22, 2014

                      RONALD S.W. LEW
                      ─────────────────────
                      **HONORABLE RONALD S.W. LEW**
                      Senior U.S. District Judge

**Exhibit 1**

| LAST NAME | FIRST NAME | PERIOD OF EMPLOYMENT | GROSS BACK WAGES |
|---|---|---|---|
| Garcia | Lazaro | 01/15/2012 - 06/15/2013 | $12,239.64 |
| Hernandez | Ramon | 06/16/2010 - 06/15/2013 | $14,965.98 |
| Huerta | Jesus | 06/16/2010 - 06/15/2013 | $23,896.44 |
| Pesh | Katie | 06/16/2010 - 06/15/2013 | $4,920.00 |
| San | It | 06/16/2010 - 06/13/2013 | $4,920.00 |
| Abrego | A. Elmer | 06/30/2010 - 06/16/2013 | $30,501.96 |
| Heng | Lisa | 03/04/2012 - 06/16/2013 | $13,211.04 |
| Hernandez | Antonio a.k.a. Carlos Aguilar | 06/30/2010 - 06/16/2013 | $30,501.96 |
| Yem | Barbara | 06/20/2010 - 06/16/2013 | $30,501.96 |
| Yem | Christina | 06/04/2011 - 12/25/2011 | $3,302.76 |
| Yem | Phei | 09/05/2010 - 12/28/2010 | $3,302.76 |